*1305 OPINION.
Milliken :
The payments to the administratrix and to the former guardian appear to have been eminently justifiable from a business standpoint. They relieved the estate of unnecessary litigation which involved only the question of conflict of management, and brought it under the control of petitioner’s guardian, who was her sister, and of the sister in her individual capacity. The wisdom of these expenditures is further shown by the increase in the net income of the estate after the change in management. If there remains any further doubt, it is removed by the action of the' county court in approving the action of the new guardian in deducting one-half of the expenditures from the income of petitioner..
The estate consisted of realty. While the administratrix had during administration the control of the realty and the right to lease it (arts. 8312, 3814, 3545, Vernon’s Ann. Tex. Civ. Stats., vol. 9), the title thereto vested in petitioner and her sister from the date of their mother’s death. See Jones v. Gilliam (Texas Court of Civil Appeals), 199 S. W. 694.
While the guardian would have had the same rights as to the realty as the administratrix (Arts. 4164 — 4166, 4176, Vernon’s Ann. Tex. Civ. Stats., vol. 13) if he had prevailed in his action against the administratrix, the title to the estate would have vested in the petitioner and her sister and the income therefrom was their individual income.
With both the legal and beneficial title of her share in petitioner, it follows that the gross income therefrom was her individual income and further, that she is entitled to the same deductions as any individual taxpayer. Like any other person engaged in the busi-\ ness of renting property, she is entitled to deduct a loss incurred) in getting rid of an incompetent manager. The payments to the *1306 administratrix and to the former guardian were essentially ordinary business expenditures.
The remaining question is, in what year these expenditures are deductible. The settlement between the administratrix and West and wife was made in December, 1919, and it is probable that the payment was made at that time. The money paid was that of West and wife and not that of petitioner. She was not a party to the agreement. She was then a minor. She was not brought into the matter until one-half of the payment was deducted from her share of the income. This occurred in 1920, the year in question. The situation would not have been different from a legal standpoint if the administratrix had continued in charge and had withdrawn in 1920 the same amount to pay her commissions and attorneys’ fees. By virtue of the order of the county court, the administration of the estate would have ceased on July 2, 1920, so that the deduction was made from the income of petitioner in the same year in which the administration would have ceased by virtue of the order of the. county court. We hold that $7,311.66, which is one-half of the amount paid the administratrix, is deductible from petitioner’s gross income for 1920.
It does not appear that the amount paid Jarvis was in compromise of his future rights, but was in settlement of what he claimed were then existing liabilities. The marriage of Ella in 1919, terminated the guardianship as to her (art. 4128, Vernon’s Ann. Tex. Civ. Stats., vol. 13). For this reason, the payment to Jarvis can not be attributed as to this portion of the estate, as in compromise of any of his future rights. From all that appears in the record, it would seem that petitioner had, in 1920, the right to choose her guardian 4126, Vernon’s Ann. Tex. Civ. Stats., vol. 13). But, however this may be, there is nothing in the record which indicates that the amount paid Jarvis had anything to do with his resignation, except that he would not resign until he had been paid or his rights had been acknowledged. If he had been successful in his action against the administratrix to secure possession of the estate and had deducted from the income the amount of his claim, there is no doubt petitioner would be entitled to take such payment as a deduction in the year in which it was deducted from her income. The fact that this amount was deducted from her income by her second guardian, does not alter the case. She should be permitted to deduct $2,728.56, which is one-half of the $5,457.13 paid to her former g-uardian.
Reviewed by the Board.
Judgment will be entended on 15 days’ notice, wader Bule 50.